## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Haylee Caudill, et al, | : |
| Plaintiff, | : Case No. 3:23-cv-00085 |
| | : |
| v. | : Judge Walter H. Rice |
| | : |
| We Be Wings, LLC, | : Magistrate Judge Peter B. Silvain, Jr. |
| Defendant. | : |

### ORDER OF DISMISSAL AND APPROVING SETTLEMENT, APPOINTMENT OF SETTLEMENT ADMINIISTRATOR, INCENTIVE AWARD, AND ATTORNEYS' FEES AND EXPENSES

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of Collective Action Settlement. After reviewing the Memorandum of Law in Support of the Unopposed Motion, the Settlement Agreement, Declaration of Counsel, and the papers and pleadings on file in this Action, and for good cause established therein, the Court hereby approves the Settlement, Service Awards and Attorneys' Fees and Costs, as follows:

1. On March 20, 2023, Plaintiff Haley Caudill ("Named Plaintiff") filed this matter (the "Action") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and against We Be Wings, LLC ("Defendant") on behalf of herself and other current and former servers and bartenders who worked for Defendant or one of the We Be Wings Franchise entities and were paid a tip credit hourly wage during the three years preceding the filing of the Complaint. Named Plaintiff alleged that Defendant violated the Fair Labor Standards Act

("FLSA") and Ohio law by (1) requiring Named Plaintiff and the Participating Plaintiffs to perform non-tipped labor that was unrelated to their tipped occupations and not in direct support of tip-producing work; (2) requiring Named Plaintiff and the Participating Plaintiffs to non-tipped labor tasks related to or in direct support of their tip-producing work more than "part of the time" or occasionally; and (3) made improper deductions from Named Plaintiff's and the Participating Plaintiff's pay. Defendant vigorously denied these allegations.

2. The Parties agreed to engage in due diligence and a series of meet and conferrals which ultimately led to the parties agreeing to attend private mediation.

3. The parties attended a full-day mediation with Michael Russell, a well-respected mediator of FLSA collective actions, on August 24, 2023 at which they were able to reach the Settlement of which they now seek approval.

4. The material terms provide for a full release of all wage claims that could have been reasonably set forth in the Complaint for the gross sum of $505,000. From the gross settlement fund is to be deducted costs of settlement administration, an Incentive Award to Named Plaintiff, Plaintiffs' Counsels' attorney fees and expenses previously advanced by Plaintiffs' Counsel. The net settlement proceeds are then to be distributed by the Settlement Administrator to Plaintiff and approximately 1,800 current and former servers and bartenders employed by Defendant or one of the We Be Wings Franchise entities on a *pro rata* basis as further detailed within the Settlement Agreement itself.

5. The Court finds that the "one-step" approval process proposed is appropriate as this matter was brought as a collective action under the FLSA and not as a class action pursuant to Fed. R. Civ. P. 23. One-step approval is the appropriate procedure in FLSA collective action settlements. *See e.g. Genesis Healthcare Corp. v. Symczuk*, 133 S. Ct. 1523, 1529 (2013). The

2

Court approves the Settlement Agreement and its Exhibits, adopts the same and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

6. The Court finds further that the Settlement satisfies the standard for approval under 29 U.S.C. § 216(b) as a fair and reasonable resolution of a *bona fide* dispute. The Settlement is a result of contested litigation, reached in the context of this Lawsuit. The Lawsuit has been pending for eighteen months and was resolved only after substantial informal discovery and negotiations. In this context, the Parties had an opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Additionally, "the participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties." *See Hainey v. Parrot,* 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007). Here, the parties mediated with Michael Russell and it took the rigors of a full day of the mediation to reach as settlement.

7. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and in the best interest of Named Plaintiff and the Participating. The Court has considered all relevant factors, including the risk, complexity, expense and litigation; the extent of discovery; the amount offered in the Settlement; and the experience and views of counsel for the parties.

8. The Court approves the proposed incentive award in the amounts of $7,500.00 for Named Plaintiff. The Court is satisfied that the proposed incentive award is comparable to awards approved by this Court and other courts within the Sixth Circuit in similar cases.

9. As of November 7, 2023, Plaintiffs' Counsel have expended over 143.7 hours pursuing this matter resulting in $89,577.50 in lodestar attorney fees. This figure is sure to rise

throughout the administration of the Settlement as Plaintiffs' Counsel fields inquiries from the collective class and assists with any lost or un-delivered checks. The resulting multiplier is 1.88 which falls well within the range of figures approved in the Sixth Circuit.

10. The Court approves the payment of up to $7,500.00 to Plaintiffs' Counsel for costs, and up to $14,000.00 to be paid to Rust Consulting, Inc. for the costs of administering the Settlement. The Court finds the amount of costs reasonable given the size of this Action.

11. The Court hereby dismisses the claims brought in the Complaint.

12. Within twenty-eight (28) days of the expiration of the 150-day check cashing period provided for in the Settlement, the Plaintiff shall file (with all confidential information redacted) the negotiated settlement checks to satisfy any opt-in requirements under Section 216(b) of the Fair Labor Standards Act, at which point this dismissal will be entered with prejudice.

13. The Court retains jurisdiction over this Action to enforce the terms of the Settlement Agreement which has been approved, adopted and ordered into effect herein.

IT IS SO ORDERED.

Date: 12-11-23

/s/ Walter H. Rice
JUDGE WALTER H. RICE
United States District Judge